RECEIVED

FEB 1 6 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

ALICE S. FISHER
ASSISTANT ATTORNEY GENERAL
CRIMINAL DIVISION

JERRY D. MASSIE
NANCY K. OLIVER
Trial Attorneys
United States Department of Justice
950 Pennsylvania Ave., N.W.
Suite 6746
Washington, D.C. 20530
(202) 616-5731

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:02-cr-0028-OMP -2 |
| ) | GOVERNMENT'S SUPPLEMENTAL RE- |
| SOMPONG KHAMSOMPHOU, ) | SENTENCING MEMORANDUM |
| Defendant. ) | |

COMES NOW Plaintiff United States of America, by and through its attorney, Alice S. Fisher, the Assistant Attorney General for the United States Department of Justice, Criminal Division, and submits this supplemental memorandum for the re-sentencing hearing presently scheduled for Wednesday, February 22, 2006. The

1

Government relies on the Government's Sentencing Memorandum, Including Motion for Upward Departure, filed in Case Number A02-0028 CR (OMP) on July 15, 2003 and United States' Sentencing Memorandum and Motion for Upward Departure, filed in Case Number A02-022 CR (OMP) on July 15, 2003, prior to sentencing; and the Government's Response to Khamsomphou's Response to Court's Order Regarding Resentencing and to Court's Order of September 2, 2005 (Government's Response), filed in both cases on October 28, 2005 and would supplement those filings as follows:

As noted in the Government's Response in October, this case was remanded by the Ninth Circuit Court of Appeals to address the question of whether Khamsomphou's sentence would have been materially different had the district court known the sentencing guidelines were advisory. The Government urges the Court to find that the sentence would not have been materially different, and that a re-sentencing hearing is unnecessary. As shown below, this Court specifically considered the statutory factors under 18 U.S.C. § 3553(a) at the original sentencing, and no further re-consideration is warranted.

Khamsomphou was found guilty after a jury trial on June 6, 2003 in the A02-0028 case, of Conspiracy to Tamper with a witness in violation of 18 U.S.C. § 371 and Attempted Witness Tampering in violation of 18 U.S.C. § 1512(b)(1).[1] The sentence was initially calculated using the United States Sentencing Guidelines. The defendant's

---

[1] Khamsomphou pled guilty shortly before trial in a separate case, No. A02-0022, of conspiring to commit bank fraud, in violation of 18 U.S.C. § 1344. The sentencing on that conviction was consolidated with the witness-tampering convictions.

conduct merited an offense level 23. To the base offense level of 12, the Court added 8 points because the offense involved threats of physical injury (Guidelines 2J1.2(b)(1)) and three levels for substantial interference with the administration of justice, pursuant to Guidelines 2J1.2(b)(2). The Court then added three levels because the offense was committed while on pre-trial release, pursuant to U.S.S.G. §2J1.7. With her Criminal History Category of I, the Guidelines range was 63 - 78 months and the Court sentenced Khamsomphou to 63 months of imprisonment, 46 months with an additional term of 17 months served consecutively.

Nonetheless, this Court considered the principles of 18 U.S.C. § 3553(a) and ordered Khamsomphou's sentence in accord with those principles. For example, the Court discussed at length the nature and circumstances of the offense and the defendant's history and characteristics. Sent. Tr. 18, 21; Sent. Tr. II 6.

Ms. Khamsomphou had every incentive to present mitigating sentencing factors at her initial sentencing, in order to argue that she should be sentenced at the low end of the sentencing range. And, the defendant did argue at sentencing (and continues to argue now) that the Court should consider her youth, naivety, and innocence. Sent. Tr. 21. The Court considered such things when it imposed sentence and stated that "[i]t may be that you were to some extent led, but you were also very much involved, as indicated. Wouldn't have even started in the first place if it hadn't been for your activities."

## CONCLUSION

Again we note that the defendant urges the Court to engraft a fact-finding procedure contrary to it, Supreme Court precedent, including Booker, and the precedent of every circuit that has looked at the issue. The issue before the Court is whether Khamsomphou's sentence would have been materially different had the district court known the sentencing guidelines were advisory. The Government urges the Court to find that the sentence would not have been materially different and that a re-sentencing hearing is unnecessary. Nevertheless, if the Court chooses to vacate the defendant's sentence, the Government then urges the Court not to re-litigate issues properly resolved at the first sentencing. To the extent the Court is inclined to re-litigate any issue or issues, the Government reserves the right to rely on the full record in this case.

RESPECTFULLY SUBMITTED THIS 16th day of February, 2006 at Anchorage, Alaska.

ALICE S. FISHER
ASSISTANT ATTORNEY GENERAL
CRIMINAL DIVISION

JERRY D. MASSIE
Trial Attorney

NANCY K. OLIVER
Trial Attorney

DATED: February 16, 2006.

*I declare under penalty of perjury that a true and correct copy of the foregoing* GOVERNMENT'S SUPPLEMENTAL RE-SENTENCING MEMORANDUM was served upon counsel of record by electronic mail:

Hugh W. Fleischer
310 K Street, Suite 200
Anchorage, AK 99501
907 264 6602 (fax)
hfleisch@aol.com

Allison Mendel
845 K. Street
Anchorage, AK 99501
907 279 5437 (fax)
Amendel-mendel@gci.net

David R. Weber
Vasquez & Weber, PC
943 West Sixth Avenue
Suite 132
Anchorage, AK 99501
907 279 9123 (fax)
DRWeber@acsalaska.net

and Courtesy Copy emailed to Judge Panner at  Deborah_Desjardins@ord.uscourts.gov

Executed at Anchorage, AK on
February 16, 2006

*K Joy McCulloch*
for NANCY K. OLIVER
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE

U S v. Khamsomphou
3:02-cr-0028-OMP					5